IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ZINA A.,[1]

        Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

        Defendant.

Case No. 6:20-cv-01347-JR

OPINION AND ORDER

RUSSO, Magistrate Judge:

      Plaintiff Zina A. brings this action for judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Title XVI Social Security Income under the Social Security Act. All parties have consented to allow a Magistrate Judge enter final orders and judgement in this case in accordance with Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c). For the reasons set forth below, the Commissioner's decision is reversed and this case is remanded for the immediate payment of benefits.

---

[1] In the interest of privacy, this opinion uses only the first name and initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

Page 1 – OPINION AND ORDER

## PROCEDURAL BACKGROUND

Born in February 1989, plaintiff alleges disability beginning March 10, 2017, due to depression, post-traumatic stress disorder, syncopating episodes with loss of consciousness, migraines, narcolepsy, and cataplexy. Tr. 13, 220. Her application was denied initially and upon reconsideration. On September 9, 2019, a hearing was held before an Administrative Law Judge ("ALJ"). Tr. 48-74. On October 18, 2019, the ALJ issued a decision finding plaintiff not disabled. Tr. 13-25. After the Appeals Council denied her request for review, plaintiff filed a complaint in this Court. Tr. 1-6.

## THE ALJ'S FINDINGS

At step one of the five step sequential evaluation process, the ALJ found plaintiff had not engaged in substantial gainful activity since January 19, 2018, the application date. Tr. 15. At step two, the ALJ determined the following impairments were medically determinable and severe: syncope, sleep-related breathing disorder, hemolytic anemia, cognitive disorder, anxiety, posttraumatic stress disorder, depression, learning disorder in mathematics and written expression, and borderline intellectual functioning. Tr. 16. At step three, the ALJ found plaintiff's impairments, either singly or in combination, did not meet or equal the requirements of a listed impairment. Id.

Because she did not establish presumptive disability at step three, the ALJ continued to evaluate how plaintiff's impairments affected her ability to work. The ALJ resolved that plaintiff had the residual function capacity ("RFC") to perform a limited range of light work:

> [Plaintiff] can occasionally lift and/or carry up to 20 pounds and frequently lift and/or carry up to 10 pounds. [Plaintiff] can sit for 6 hours in an 8-hour day and stand or walk in combination for no more than 6 hours in an 8-hour day. [She] can push and pull as much as she can lift and carry. In addition to that, [plaintiff] is able to climb ramps and stairs on an occasional basis but should avoid ladders, ropes, or scaffolding. [She] may only balance on an occasional basis. [Plaintiff] should avoid

>hazards such as unprotected heights and moving mechanical parts; nor should she ever be required to operate a motor vehicle for commercial purposes. There are mental limitations. The ability to understand, remember, and carryout instructions should be limited to performing simple and routine tasks at reasoning level 2 or less. [Plaintiff] is limited to using judgment for simple work-related decisions. Interactions with supervisors, coworkers, and the public can be done on an occasional basis. Dealing with changes in the workplace would be limited to simple work-related decisions. Time off-task would be able to be accommodated for normal breaks.

Tr. 19.

At step four, the ALJ determined plaintiff had no past relevant work. Tr. 24. At step five, the ALJ concluded there were a significant number of jobs in that national economy that plaintiff could perform despite her impairments. Tr. 24-25.

## DISCUSSION

Plaintiff argues the ALJ erred by: (1) rejecting her subjective symptom testimony; (2) discounting the opinions of treating sources Bharat Gopal, M.D., and Diana Joy, LPC; (3) accepting but failing to adequately incorporate the opinion of examining source Peter LeBray, Ph.D.; and (4) failing to consider the lay witness testimony. Pl.'s Opening Br. 2 (doc. 16). The Commissioner concedes harmful legal error in regard to the lay witness testimony and also asserts "the ALJ evaluated the medical opinion evidence according to the 'revised regulations'" but should have used the "prior rules" based on the application date. Def.'s Resp. Br. 2 (doc. 19). As such, the sole issue on review is the proper legal remedy.

Plaintiff contends that crediting either her subjective symptom statements, Dr. Gopal's opinion, or Ms. Joy's opinion, or adequately incorporating the accepted restrictions from Dr. LeBray, would result in a finding of disability and corresponding immediate entitlement to benefits given the vocational expert's ("VE") testimony. Conversely, the Commissioner asserts further proceedings are warranted because the medical record is ambiguous in light of plaintiff's hearing

statements, the ALJ's failure to "include an analysis of the entire adjudicatory period," and "the opinions of the State agency consultants, [which] all indicate she can work." Id. at 3-5.

The decision whether to remand for further proceedings or for the immediate payment of benefits lies within the discretion of the court. Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1101-02 (9th Cir. 2014). Nevertheless, a remand for an award of benefits is generally appropriate when: (1) the ALJ failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed, there are no outstanding issues that must be resolved, and further administrative proceedings would not be useful; and (3) after crediting the relevant evidence, "the record, taken as a whole, leaves not the slightest uncertainty" concerning disability. Id. at 1100-01 (citations omitted); see also Dominguez v. Colvin, 808 F.3d 403, 407-08 (9th Cir. 2015) (summarizing the standard for determining the proper remedy).

Upon review of the record, the Court finds that remand for the immediate payment of benefits is proper. As noted above, it is undisputed the ALJ committed reversible error. Moreover, the Commissioner's brief is wholly silent as to the opinions of Drs. Gopal and LeBray, and Ms. Joy. See generally Def.'s Resp. Br. (doc. 19); see also Justice v. Rockwell Collins, Inc., 117 F.Supp.3d 1119, 1134 (D. Or. 2015), aff'd, 720 Fed.Appx. 365 (9th Cir. 2017) ("if a party fails to counter an argument that the opposing party makes . . . the court may treat that argument as conceded") (citation and internal quotations and brackets omitted).

In any event, the Court finds that the ALJ mistreated this evidence, irrespective of whether the new regulations or prior rules apply. Significantly, the ALJ undisputedly accepted a restriction from Dr. LeBray – namely, that plaintiff "would need a supportive mentor" – which was not incorporated into the RFC. Tr. 19, 23, 330; see also Taniya T. v. Comm'r Soc. Sec. Admin., 2020 WL 4918012, *3-5 (D. Or. Aug. 21, 2020) (ALJ erred in regard to psychologists' opinions that the

Page 4 – OPINION AND ORDER

claimant would need "need extra support during times of change in the work environment" where he "failed to provide specific evidence-based reasons not to fully credit [those] opinions and then omitted them from Plaintiff's RFC").

Contrary to the ALJ's assertions, the opinions of Dr. Gopal and Ms. Joy are both supported by their own treatment notes and consistent with evidence surrounding plaintiff's daily activities. The ALJ also rejected Ms. Joy's opinion for legally insufficient reasons. See Garrison v. Colvin, 759 F.3d 995, 1013-17 (9th Cir. 2014) (ALJ's "fail[ure] to recognize that the [non-acceptable source] opinions expressed in [a] check-box form . . . were based on significant experience with [the claimant] and supported by numerous records" constituted reversible error).

Relatedly, the Court notes that plaintiff's hearing testimony is not meaningfully at odds with her activity level – e.g., plaintiff's participation in low-impact water aerobics at the encouragement of her providers does not contrive her statements regarding the debilitating effects of her physical and mental impairments – and the remainder of the evidence was mischaracterized by the ALJ. See Reddick v. Chater, 157 F.3d 715, 722-23 (9th Cir. 1998) ("claimants should not be penalized for attempting to lead normal lives in the face of their limitations" and the ALJ errs by "paraphrasing [the] record material" in a manner that is "not entirely accurate"). For instance, there is no evidence that plaintiff ever helped install flooring or provided regular or sustained childcare, and the record unambiguously demonstrates that she continued to experience significant cataplexy and falls after starting oxygen in 2018. See, e.g., Tr. 778, 799, 806, 808-09, 813-14, 818, 822, 827-29, 855-56, 861, 984.

Second, the record has been fully developed and there are no outstanding issues, such that further proceedings would not be useful. As discussed above, plaintiff's hearing testimony is borne out by the medical record. And the ALJ did, in fact, address probative evidence from plaintiff's

reopened claim, including opinions predating 2018 from the state agency consulting sources and examining Drs. Smith and LeBray. Tr. 20-23, 322-36, 629-36.

The only remaining factual discrepancy the Commissioner identifies is between the medical opinions of plaintiff's treating providers – both of whom indicate plaintiff is significantly functionally limited and/or disabled – and the state agency consulting sources. As a preliminary matter, a "conflict between medical opinions alone does not render evidence ambiguous." Freeman v. Colvin, 669 Fed.Appx. 861, 861 (9th Cir. 2016) (citing Tonapetyan v. Halter, 242 F.3d 1144, 1148-49 (9th Cir. 2001)). Even assuming that such a conflict did create ambiguity, "the opinion of a nonexamining medical advisor cannot by itself constitute substantial evidence that justifies the rejection of the opinion of an examining or treating physician." Morgan v. Comm'r of. Soc. Sec. Admin., 169 F.3d 595, 602 (9th Cir. 1999) (citations omitted). In other words, further proceedings are not necessary to "resolve inconsistencies between [treating or examining doctor] opinions and those of reviewing medical consultants." Stone v. Comm'r of Soc. Sec. Admin., 2015 WL 5092601, *4 (D. Or. Aug. 26, 2015); see also Pitzer v. Sullivan, 908 F.2d 502, 506 n.4 (9th Cir. 1990) (remanding for the immediate payment of benefits despite inconsistencies between the claimant's examining doctor and the state agency consulting sources).

Third, if the opinions of Dr. Gopal, Dr. LeBray, or Ms. Joy were credited as true, the ALJ would be required to make a finding of disability on remand. In relevant part, Dr. Gopal opined that plaintiff would be absent more than two days per month due to her impairments and Dr. LeBray assessed the need for a supportive mentor. Tr. 330, 959-60. The VE, in turn, testified that either of these restrictions would preclude competitive employment. Tr. 70-71.

Concerning plaintiff's mental impairments, Ms. Joy endorsed "moderately severe" or "severe" restrictions – which equate to being off-task 11-15% and more than 15% of the time,

respectively – in plaintiff's ability to: carry out detailed instructions; maintain concentration and attention for extended periods; perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; work in coordination with or proximity to others without being distracted by them; complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; interact with the general public; ask simple questions or request assistance; accept instructions and respond appropriately to criticism from supervisors; get along with co-workers or peers without distracting them or exhibiting behavioral extremes; be aware of normal hazards and take appropriate precautions; travel in unfamiliar places or use public transportation; and set realistic goals or make plans independent of others. Tr. 986-89. The VE stated that individuals "off task 10% or more" are "considered not productive" and therefore could not be competitively employed. Tr. 70.

Finally, the record, as a whole, does not create serious doubt plaintiff is disabled. Indeed, the Commissioner does not independently address this element and instead relies on its assertions concerning purported "ambiguities" in the record to indicate the presence of "serious doubt." Def.'s Resp. Br. 4-5 (doc. 19).

In sum, plaintiff applied for benefits approximately four years ago, and there are no outstanding issues given the opinions of Drs. LeBray and Gopal, especially when viewed in conjunction with plaintiff's and the VE's testimony. Thus, the appropriate remedy is to remand this case for the immediate payment of benefits.

Page 7 – OPINION AND ORDER

## CONCLUSION

The Commissioner's decision is REVERSED and this case is REMANDED for the immediate payment of benefits.

IT IS SO ORDERED.

DATED this 14th day of December, 2021.

                                   /s/ Jolie A. Russo
                                        Jolie A. Russo
                               United States Magistrate Judge